# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

SKYLAR CUNNINGHAM, individually on behalf of herself and all others similarly situated,
        Plaintiff,

-against-

PRET A MANGER (USA) LTD.,

        Defendant.

No. 19-cv-02322 (CM)

## MEMORANDUM AND ORDER

McMahon, C.J.:

Plaintiff Skylar Cunningham ("Plaintiff") brings this action against Defendant Pret a Manger (USA) Limited ("Defendant" or "Pret") for deceptively marketing and labeling its products as "natural" when many of them contain soya, a genetically modified organism ("GMO"), and other synthetic ingredients. (Second Amended Complaint ("SAC") ¶ 2.) Plaintiff filed this action on March 15, 2019. (Dkt. No. 1.)

Plaintiff filed an Amended Complaint ("FAC") on April 17, 2019. (Dkt. No. 7.) On July 8, 2019 Defendant moved to dismiss the FAC. (Dkt. No. 18.) In lieu of a response, Plaintiff filed the SAC on August 12, 2019. (Dkt. No. 27.) The SAC seeks various monetary and punitive damages, injunctive relief, and specifically requests that Pret "(1) cease advertising or stating the Products as Natural; and (2) inform consumers that the Products contain GMOs and other synthetic ingredients in advertising for the Products." (SAC ¶ 37.)

Pret moved to dismiss or to alternatively stay the SAC on September 12, 2019, (Dkt. No. 29), for lack of subject matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1) & (6). In the alternative, Defendant has asked this Court to stay this case until the FDA releases its findings on the "natural" label on food.

The Court deems that Plaintiff has met CAFA's threshold jurisdictional requirements. However, because it is unclear whether the Court has subject matter jurisdiction under CAFA's jurisdictional carve outs, the Court orders the parties to engage in limited jurisdictional discovery for the purpose of determining whether two-thirds or more of the putative class members are New York citizens.

In the interim, the Court denies Pret's motion to dismiss pending the completion of jurisdictional discovery.

I. **Factual Background**

Plaintiff Skylar Cunningham ("Plaintiff") brings this action against Pret for its allegedly deceptive marketing techniques. (SAC ¶ 2.)

Plaintiff brings this action for violations of New York General Business Law §§ 349 and 350, the consumer protection statutes of all 50 states, and Magnuson-Moss Warranty Act, breach of express warranty, implied warranty of merchantability, implied warranty of fitness for a particular purpose, and unjust enrichment. (*Id.* ¶ 4.)

Plaintiff is a citizen of New York State. (*Id.* ¶ 41.) Plaintiff notes that "many Class Members reside in the Southern District of New York, and throughout the State of New York." (*Id.* ¶ 40.) Within the SAC, Plaintiff requests certification of a New York subclass. (*Id.* ¶ 47.)

Pret is a citizen of both the United Kingdom – where it is headquartered – and New York – where its head office is located. (*Id.*) Pret operates 87 locations across the United States with 57 of those locations in New York. (Declaration of Greg Thorp ("Thorp Decl."), Dkt. No. 31, ¶ 3.) The remaining 30 locations are located across Washington D.C., Illinois, Massachusetts, New Jersey, and Pennsylvania. (*Id.* ¶ 3.) From 2013-2018 at least 72% of U.S. sales of the products outlined in the SAC took place in New York. (Thorp Decl. ¶ 4). From 2013-2018 at least 72% of *total* transactions in the U.S. took place in New York. (*Id.* ¶ 5.) (emphasis added).

## II. Subject Matter Jurisdiction

Pret urges that there are a number of deficiencies in Plaintiff's SAC: (1) Pret argues that Plaintiff has failed to meet Article III's standing requirements because she has not alleged an adequate injury; (2) Plaintiff cannot establish class standing; (3) Plaintiff cannot establish standing to sue for injunctive relief; (4) Plaintiff cannot establish jurisdiction under the Class Action Fairness Act ("CAFA"); and (5) Plaintiff has failed to establish jurisdiction under the Magnuson-Moss Warranty Act ("MMWA").

For the purposes of this Memorandum and Order, the sole issue for discussion is whether jurisdiction attaches under CAFA, which is the only basis on which Plaintiff asserts the existence of federal jurisdiction.

### A. CAFA Jurisdiction

#### 1. *Legal Standards*

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the party asserting the jurisdiction has the burden of providing it applies. *Hutton v. Bayerische Staatsgemaldesammlungen*, 346 F.Supp.3d 546, 549 n.1 (S.D.N.Y. 2018) (citing

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). This Court will dismiss an action for lack of subject matter jurisdiction if it lacks the statutory or constitutional power to hear it. *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In reviewing whether it has subject matter jurisdiction, this Court will assume the facts found in the Complaint and matters attached to it are true – unless contradicted by "more specific allegations or documentary evidence." *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). As the Second Circuit has outlined:

> The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation and internal quotation marks omitted), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

*Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). For the purpose of determining jurisdiction, this Court will consider the declaration attached to Pret's memorandum in support of its motion to dismiss. (*See* Thorp Decl., Dkt. No. 20)

Plaintiff asserts subject matter jurisdiction under CAFA.

Under CAFA, a federal court has jurisdiction to hear cases involving "(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." *Shulman v. Chaitman LLP*, 392 F.Supp.3d 340, 350 (S.D.N.Y. 2019) (citing *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (CAFA is codified in part at 28 U.S.C. § 1332(d)).

As the party seeking to invoke federal court jurisdiction, Plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58–59 (2d Cir. 2006).

   2.   *Plaintiff has Satisfied CAFA's Threshold Jurisdictional Requirements*

Plaintiff has plead that there are more than 100 class members involved in this action. (SAC ¶ 38.) There is no dispute that this element is satisfied.

As to minimal diversity, Plaintiff pleads that this is satisfied because she is a citizen of New York and Pret is a citizen of the United Kingdom – where it is incorporated. (SAC ¶ 38.) There is also no dispute that minimal diversity is satisfied.

Finally, Plaintiff pleads that the amount in controversy is in excess of $5,000,000, exclusive of interests and costs. (SAC ¶ 38.) Plaintiff must show that there is a "reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." *Shulman*, 392 F.Supp.3d at 354 (citation and internal quotation marks omitted). There is a rebuttable presumption that the complaint provides a "good faith representation" of the amount in controversy. *Id.* To rebut this presumption, Pret would need to show "to a legal certainty" that Plaintiff's claims do not reach this required amount. *Id.*

Pret argues that Plaintiff cannot satisfy the amount in controversy requirement because it only provides a conclusory statement that this element of CAFA is satisfied. (Mem. of Law in Support of Def.'s Mot. to Dismiss ("Def.'s MTD"), Dkt. No. 30, at 10.) To support its position, Pret cites to *LaSala v. E*TRADE Secs. LLC*, No. 05 Civ. 5869 (SAS), 2005 WL 2848853, at *5 (S.D.N.Y. Oct. 31, 2005), where a motion to dismiss was granted because plaintiff did not satisfy the amount in controversy requirement. *Id.* But the plaintiff in *LaSala* sought indeterminate

damages and simply asserted that the amount in controversy requirement had been met – which is not the case here. *Id.* Plaintiff pleads that the amount in controversy is in excess of $5 million, which is not indeterminate. Because of the presumption in Plaintiff's favor, courts in this district have held that a statement like Plaintiff has plead – that the amount in controversy is at least $5 million – is enough to satisfy this requirement. *See e.g., Hart v. Rick's NY Cabaret Intern., Inc.*, 967 F.Supp.2d 955, 961 (S.D.N.Y. 2014). Plaintiff had plead enough to satisfy its minimal burden, and Pret has given the Court nothing by which to doubt that Plaintiff's good faith representation of the amount in controversy is not accurate.

As such, Plaintiff has met the threshold elements for jurisdiction under CAFA.

### 3. *Jurisdictional Discovery is Warranted*

Under the home state and local controversy exceptions, CAFA provides for two carve-outs to its grant of jurisdiction. The statute also provides for a discretionary exception to CAFA jurisdiction under which federal courts may decline to exercise jurisdiction. As the party opposing federal court jurisdiction, the burden is on Pret to establish that any of the three exceptions apply in this case. *See Hart*, 967 F.Supp.2d at 960.

Under the home state exception to CAFA, "minimal diversity" jurisdiction does not apply to civil actions in which "the substantial majority" of the class members and "the primary defendants" are citizens of the state in which the action was filed and the claims are "governed primarily by the laws" of that state. Class Action Fairness Act of 2003, H.R. 1115, 108th Cong. § 4(a)(2). In this instance, "a district court shall decline to exercise jurisdiction . . . over a class action in which . . . two-thirds or more of the members of all proposed plaintiff classes in the

aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i), (B).

Under the local controversy exception – a variation of the home state carve out – this Court has no jurisdiction under CAFA if "(1) more than two-thirds of the class members are New York citizens; (2) at least one key defendant is a New York citizen; (3) the alleged conduct causing injury occurred in New York; and (4) no other class action has been filed asserting similar factual allegations against any of the defendants on behalf of the same or other persons during the three-year period preceding the filing of this case." *Hart v. Rick's NY Cabaret Intern., Inc.*, 967 F.Supp.2d 955, 963 (S.D.N.Y. 2014); *see* 28 U.S.C. § 1332(d)(4)(A).

Finally, under the discretionary exception, a court may decline jurisdiction where greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and defendant are citizens of the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(3). Once this preliminary requirement is satisfied, the statute provides several factors to balance in considering dismissal.

Pret has argued that this case must be dismissed because this Court lacks jurisdiction under either the home state or local controversy exceptions. In the alternative it urges the Court to apply the discretionary exception.

In support of its arguments, Defendant provides a declaration from Greg Thorp, its Vice President of Finance. (*See* Thorp Decl., Dkt. No. 20.) The declaration states that Pret owns 87 locations in the United States, 57 of which are in New York. (*Id.* ¶ 3.) From 2013-2018 no less than 72% of U.S. sales of the products identified in the SAC took place in New York. (*Id.* ¶ 4.) Further, from 2013-2018 no less than 72% of total transactions at all U.S. locations took place in

New York. (*Id.* ¶ 5.) Based on these representations, Pret argues it can be reasonably inferred that more than two-thirds of the putative class members are citizens of New York – where Pret is also a citizen. (Def.'s MTD, at 11.)

A court may make "reasonable assumptions about the makeup of the putative class" when determining whether it has jurisdiction under CAFA. *Commisso v. PricewaterhouseCoopers LLP*, No. 11 Civ. 5713 (NRB), 2012 WL 3070217, at *4 (S.D.N.Y. July 27, 2012). However, courts that have made such assumptions have done so based on more definitive indicia of citizenship, such as where individual plaintiffs are employed. *See e.g.*, *Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (finding it "reasonably likely that more than two-thirds of the putative class members of the proposed class – all of whom work in New York – are citizens of New York."); *Kurovskaya v. Project O.H.R., Inc.*, 251 F.Supp.3d 699, 703 (S.D.N.Y. 2017) (same).

A bare recitation of the location of purchases does not establish with reasonable certainty that two-thirds, or even one-third, of the class members – the individuals making those purchases – are New York citizens. Indeed, this sales data is at least one step removed from the conclusion that Pret asks this Court to draw — namely that those who makes purchases in New York are domiciled in New York. If we were to use residency as a reasonable proxy for citizenship, it is imminently likely that a portion of those making purchases at Pret consist of individuals who do not reside in New York (let alone are domiciled in New York). Indeed, as Plaintiff offers, tens of millions of non-New Yorkers commute to work in or visit New York every year; these non-New Yorkers may buy food at Pret-a-Manger. (Pl.'s Opp. at 12.) New York is undoubtedly unique in this regard, but it does not necessarily follow from the fact that 72% of Pret's sales occur in New York, that 72% of Pret's sales were made to New York residents.

The Senate Judiciary Committee Report on CAFA notes that "a federal court may have to engage in some fact-finding" to address issues of jurisdiction. S.Rep. No. 109-14, at 44 (2005). That is the case here.

"[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir.1999). "A 'district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (discussing a plaintiff's request for discovery in support of its claim to subject matter jurisdiction) (quoting *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C.Cir.2000) (internal quotation marks omitted)). This latitude includes granting discovery on the issues of subject matter jurisdiction. *See City of New York v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 367–68 (2d Cir.2006) (affording district courts discretion to order jurisdictional discovery regarding subject matter jurisdiction).

To aid the court in ascertaining whether jurisdiction is proper, the Court finds a limited period of jurisdictional discovery appropriate prior to addressing Defendants' jurisdictional challenge. The parties should coordinate this process with Magistrate Judge Aaron and inform the court once jurisdictional discovery is complete so that it can address any outstanding issues.

As the party opposing jurisdiction, Defendant bears the burden of demonstrating that subject matter jurisdiction does not exist. Nonetheless, the Court will permit Plaintiff to serve appropriately-tailored interrogatories and document requests. *See* Fed.R.Civ.P. 31, 33, & 34. The Court also recognizes that there may be publicly available information – about, for example, the

percentage of New York City workers who commute from out of state – that may have bearing on this issue.

Additionally, Defendant may take the Examination Before Trial of Plaintiff during the same period, in order to flesh out more fully its other arguments for dismissal.

## CONCLUSION

For the reasons discussed above, the Court orders the parties to engage in jurisdictional discovery before the Honorable Stewart D. Aaron, U.S. Magistrate Judge. Any discovery disputes should be directed to the Magistrate Judge Aaron.

The deadline for completion is March 6, 2020. Deadlines shall therefore be expedited.

The clerk of the court is directed to remove Dkt. No. 29 from the Court's list of open motions.

Dated: January 10, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL