590 Madison Avenue, 20th Floor, New York, NY 10022-2524 ▪ p212 223-4000 ▪ f212 223-4134

crowell moring

Sarah Michelle Gilbert
(212) 895-4226
SGilbert@crowell.com

February 17, 2020

**VIA ECF**
The Honorable Stewart D. Aaron
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1970
New York, NY 10007

Re: *Skylar Cunningham v. Pret A Manger (USA) Ltd.*, Case No. No. 1:19-cv-02322-CM (S.D.N.Y.)

Dear Judge Aaron:

Counsel for Defendant Pret A Manger (USA), Ltd. ("Pret" or "Defendant") submits this letter which serves to advise the Court as to the status of jurisdictional discovery, pursuant to Your Honor's Order dated January 17, 2020 (ECF No. 41), and requests that the Court resolve a dispute between the parties pursuant to Section II of Your Honor's Individual Practices.

Background

Per Your Honor's January 17 Order, Pret has made every effort to reach agreement with counsel for Plaintiff Skylar Cunningham ("Plaintiff") with respect to a joint update to the Court. After Plaintiff's counsel rescheduled a meet and confer set for Wednesday, February 12, to discuss the joint filing, we sent an email to Plaintiff's counsel proposing that the joint letter should (i) advise the Court that the parties are meeting and conferring with respect to Plaintiff's jurisdictional discovery requests; and (ii) request that the Court resolve the parties' dispute with respect to the Plaintiff's deposition. (*See* Ex. A at 2).

On Thursday, February 13, the parties had a meet and confer to discuss the content of the joint filing. That meet and confer is described in more detail below. At the conclusion of the meet and confer, Plaintiff's counsel confirmed that the parties have a dispute with respect to Plaintiff's deposition and stated that they would propose a draft of the joint letter later that same afternoon. However, Plaintiff's counsel did not provide a draft of the joint letter or any explanation regarding their failure to do so.

The following morning, February 14, we provided Plaintiff's counsel with a draft joint letter to the Court, which closely mirrored the approach set out in our February 13 email and

reflected the parties' agreement during the February 13 meet and confer that we had reached impasse with respect to the Plaintiff's deposition. (*See* Ex. A at 2 (cover email); Ex. B (attachment)). Plaintiff's counsel did not respond to our proposed draft of the joint letter, despite our attempts to reach them by phone on the afternoon of February 14 (including a voicemail to Mr. Francis and a message with Mr. Reese's assistant).

Later that evening, we again reached out to Plaintiff's counsel by email to request a response to our draft of the joint filing. (*See* Ex. A at 1). Plaintiff's counsel did not provide any response with respect to the joint filing, but instead indicated that Plaintiff's counsel is considering withdrawing the present action in a misguided effort to resolve Pret's jurisdictional arguments by filing a new action against Pret with a new plaintiff. *Id.* Specifically, Plaintiff's counsel claims that the new action would defeat Pret's jurisdictional arguments, because the "local controversy" exception to jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") does not apply if there has been a previous class action filed in the preceding three years asserting similar claims against the defendant. We responded to advise Plaintiff's counsel that: (i) we would oppose any such attempt at jurisdictional gamesmanship; (ii) we do not agree that withdrawing the present action and filing a new case would defeat Pret's jurisdictional arguments in any event; and (iii) in light of their continued refusal to respond to our proposed joint filing, we intended to proceed with providing Your Honor the requested status update. *Id.*

Jurisdictional Discovery

With respect to Judge McMahon's Order directing jurisdictional discovery related to Pret's argument that the Court does not have jurisdiction under CAFA (ECF No. 39 at 9-10), Pret is in the process of searching for additional information that has bearing on this issue. On February 11, 2020, Plaintiff served her First Set of Interrogatories and First Set of Requests for the Production of Documents (the "Requests"), which relate to jurisdiction under CAFA. Pret intends to continue meeting and conferring with Plaintiff regarding the Requests and will raise any disputes in accordance with Section II of Your Honor's Individual Practices.

Examination Before Trial of the Plaintiff

With respect to Judge McMahon's Order permitting Pret to take the Examination Before Trial of the Plaintiff during the jurisdictional discovery period (ECF No. 39 at 10), the parties disagree about whether taking the Plaintiff's deposition by oral examination during jurisdictional discovery would preclude Pret from seeking additional deposition testimony from the Plaintiff during fact discovery. The parties have met and conferred as required by Section II(A) of Your Honor's Individual Practices but have been unable to reach agreement. Pret respectfully requests that the Court schedule a discovery conference to resolve the dispute.

a. *Background Regarding the Parties' Meet and Confers*

The parties conferred by telephone at 4:30 PM EST on February 7 for approximately 35 minutes. The participating attorneys for Pret were Sarah Gilbert and Randa Adra, and the participating attorneys for Plaintiff were Michael Reese, Janine Pollack, and Jeremy Francis. During this meet and confer, Plaintiff's counsel stated their position that taking the Plaintiff's deposition now would foreclose Pret from seeking any additional deposition testimony from the Plaintiff during fact discovery. Plaintiff's counsel also requested that Pret identify the topics it intends to cover at Plaintiff's deposition. We responded that Judge McMahon's Order clearly sets out the scope of the deposition, providing that we may "flesh out more fully [Pret's] other arguments for dismissal," as raised in Pret's motion to dismiss. We also asked Plaintiff's counsel whether they would agree that we could take a second deposition of the Plaintiff during fact discovery if we were able to negotiate a more limited scope of the first deposition. Plaintiff's counsel indicated that they would not agree to two depositions of the Plaintiff under any circumstances. They also informed us that if we choose to take the Plaintiff's deposition during the jurisdictional discovery phase, they will only make her available during the evenings or on the weekend. At a later point in the call, Plaintiff's counsel suggested that they would consider narrowing their contemplated discovery requests on the CAFA jurisdiction issues in exchange for our agreement not to pursue a deposition of the Plaintiff during the jurisdictional discovery period. We responded that we would inform our client of their proposal, but that we did not expect to change our position, and that they should seek to find a time during business hours to schedule the Plaintiff's deposition.

The parties conferred again by telephone at 3:30 PM EST on February 13 for approximately 30 minutes. The participating attorneys for Pret were Sarah Gilbert and Alex Rosen. The participating attorneys for Plaintiff were Michael Reese and Jeremy Francis. On this call, we reiterated our position that a deposition of the Plaintiff during the jurisdictional discovery period would not foreclose Pret from seeking further deposition testimony from the Plaintiff during the fact discovery period. We again stated our position that Judge McMahon's Order defines the scope of the Plaintiff's deposition during the jurisdictional discovery period, but indicated our willingness to discuss a global compromise under which (i) the parties agreed to a negotiated scope of the Plaintiff's first deposition, (ii) Plaintiff agreed that Pret is not foreclosed from seeking additional deposition testimony from the Plaintiff during fact discovery; and (iii) Plaintiff would agree to limit the breadth of her Requests related to CAFA jurisdiction.

Counsel for Plaintiff responded that they would not consider a global compromise unless we agreed to provide written responses to the Requests by Monday, February 17. We explained that this was not possible. First, we had only received the Requests two days prior, on February

11.[1] Second, given the broad scope of the Requests, we were still working with our client to determine the existence and availability of the requested documents and information. Finally, we explained that the deadline for completion of jurisdictional discovery is March 6, and the Requests themselves do not call for a response until February 25.

As a result of our inability to agree to provide written responses to the Requests by February 17, Plaintiff's counsel declined to engage in further discussions regarding a negotiated resolution, and the parties agreed that we would raise these issues with the Court in the joint letter.

b. *Pret Should Not Be Precluded from Seeking Plaintiff's Deposition during Fact Discovery*

As described above, the parties have reached impasse as to whether Pret will be foreclosed from seeking additional deposition testimony from the Plaintiff during fact discovery if Pret takes her deposition now. The parties also have a disagreement as to the scheduling of the Plaintiff's deposition.

Leave for an additional deposition of Plaintiff has already been granted by Judge McMahon's Order, which explicitly allows for an oral examination of Plaintiff during this jurisdictional discovery phase related to Pret's arguments for dismissal. This is before any fact discovery has commenced, and thus can only be interpreted as leave for an additional deposition. Nonetheless, the standard for granting leave for a second deposition is also met here. Under Fed. R. Civ. P. 30(a)(2), "[a] person who has previously been deposed in a matter may be deposed again, but only with leave of the court." *Sentry Ins. v. Brand Mgmt.*, 2012 WL 3288178, at *8 (E.D.N.Y. Aug. 10, 2012). Leave for a second deposition is granted where that deposition would not be unnecessarily cumulative, where the party requesting the deposition has not had other opportunities to obtain the same information, and where the burden of a second deposition does not outweigh its potential benefit. *Briceno v. USI Servs. Grp., Inc.*, 2014 WL 12841438, at *2 (E.D.N.Y. Mar. 17, 2014).

Here, the first deposition of the Plaintiff will be limited, per Judge McMahon's Order, to the arguments raised in Pret's motion to dismiss. (ECF No. 39 at 10). Moreover, discovery has been stayed pending resolution of Pret's motion to dismiss. Thus, as noted above, this first deposition will take place before the commencement of any fact discovery. Pret will necessarily have new, non-cumulative topics to cover during the second deposition of the Plaintiff, including with respect to discovery produced by the Plaintiff herself. Courts routinely grant a second deposition where, as here, the first deposition was limited in scope and took place before the

[1] Notably, as of the date of this letter, Plaintiff's counsel still has not commented on or agreed to the draft Protective Order that Pret circulated on February 5, 2020. Jurisdictional discovery cannot proceed until a Protective Order is in place.

party requesting the second deposition had an opportunity to obtain relevant discovery. *See, e.g.*, *Renner v. Townsend Fin. Servs. Corp.*, 2002 WL 188354, at *1 (S.D.N.Y. Feb. 6, 2002) (noting that limited pre-discovery deposition of party was "never intended to be [a] discovery deposition" and declining to limit future discovery on that basis); *Keck v. Union Bank of Switzerland*, 1997 WL 411931, at *1-3 (S.D.N.Y. July 22, 1997) (granting leave to re-depose witness in light of discovery that was not available at time of original deposition). Plaintiff's position would mean that Pret must forego its opportunity to question the sole named Plaintiff regarding any fact discovery produced in the case or any issues not raised in Pret's motion to dismiss, in order to proceed with a limited deposition at the Court's direction. That outcome is nonsensical. Pret therefore respectfully requests that the Court hold that Pret may depose the Plaintiff now with respect to the arguments raised in the motion to dismiss and again during fact discovery.

Pret additionally requests that the Court require the Plaintiff to appear for a deposition during normal business hours prior to the close of the jurisdictional discovery period on March 6. *See, e.g.*, *Young v. Rogers & Wells, L.L.P.*, 2002 WL 31496902, at *3 (S.D.N.Y. Feb. 22, 2002) ("If plaintiff failed to be available for six full hours of deposition between the normal business hours of 9 and 5 on one single day in January, she will be precluded from testifying in this matter.").

Respectfully submitted,

Sarah Gilbert

Sarah M. Gilbert
Randa Adra
590 Madison Avenue
New York, New York 10022
(212) 223-4000
sgilbert@crowell.com
radra@crowell.com

*Counsel for Defendant Pret A Manger (USA) Limited*